IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| H & R BLOCK EASTERN ENTERPRISES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 1:06-cv-00093-SPM/WCS ) |
| MICHAEL PERKINS | ) ) ) |
| Defendant. | ) |

## CONSENT ORDER AND JUDGMENT

Upon the consent and agreement of the Plaintiff, H&R Block Eastern Enterprises, Inc., and Defendant, Michael Perkins, this final order including injunctive relief is entered as follows:

1. H&R Block Eastern Enterprises, Inc. ("H&R Block") is a tax preparation service company having offices throughout the United States, including offices in Florida.

2. Defendant Michael Perkins was employed by H&R Block in its Gainesville, Florida District providing tax preparation services for H&R Block under a Tax Preparer's Employment Agreement dated December 10, 2004 (the "Tax Professional Employment Agreement").

3. Michael Perkins's employment with H&R Block ceased on November 28, 2005.

4. Plaintiff has asserted claims that Defendant violated the terms of post employment constraints contained in the employment agreement and Defendant denies that he has violated any terms of any enforceable agreement.

5. Upon the consent of the parties, IT IS HEREBY ORDERED that:

A. Judgment is entered in favor of H&R Block, and against Defendant. This judgment is to be paid according to the terms of a settlement agreement between the parties.

B. The Employment Agreement is a valid and enforceable agreement between Michael Perkins and H&R Block.

C. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2008 from directly or indirectly providing any of the following services for H&R Block's Clients (as defined in paragraph 6 of the Settlement Agreement): (1) prepare tax returns, (2) file tax returns electronically, and/or (3) provide bookkeeping or any other product or service that H&R Block offers to its clients within Defendant's district of employment; and/or directly or indirectly soliciting H&R Block's Clients (as defined in paragraph 6 of the Settlement Agreement) for the purpose of offering to such clients: (1) tax return preparation services, (2) electronic filing of tax returns, or (3) any other product or service that H&R Block offers to its clients within Defendant's district of employment..

D. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2008 from a) making copies of, reproducing, or retaining any Confidential Business Information of Plaintiff; b) directly or indirectly making known, divulging, misappropriating, or communicating to any person or entity any Confidential Business Information of Plaintiff; and c) using any Confidential Business Information of Plaintiff for any reason.

E. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2008 from a) directly or indirectly soliciting Plaintiff's employees to leave the employment of Plaintiff or to work for a competitor of Plaintiff, or otherwise interfere with the Plaintiff's continuing relationship with its employees; or b) directly or indirectly hiring Plaintiff's employees. Plaintiff's employees shall be defined as persons employed by the Company at the time of the solicitation or hiring at any time during the term of Defendant's employment with H&R Block.

F. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2008 working for, assisting, or advising a) Jackson Hewitt Tax Service Inc., its affiliates,

subsidiaries, franchises, or related companies; and b) Liberty Tax Service, its affiliates, subsidiaries, franchises or related companies;

  G. The remaining claims in the case are dismissed, with prejudice, each party to bear his own costs and attorney's fees.

  H. All Parties acknowledge that only this Court has jurisdiction to properly enter and enforce this Order. All Parties acknowledge that only this Court retains jurisdiction to enforce this Order and the Parties' Settlement Agreement and obligations thereunder.

  I. In the event that any part of this Order is violated by any person bound by this Order, the party benefiting by the Order may, by motion with notice to the other party, apply for sanctions and such other relief as may be appropriate.

**Dated**: 2/8/07  *Stephan P. Mickle*
         United States District Judge

WA 880065.1

AGREED TO IN FORM AND SUBSTANCE:

**H&R BLOCK EASTERN ENTERPRISES, INC.**

By: /s/ David M. Kight
    David M. Kight, Esq.
    Katherine A. Hansen, Esq.
    **SPENCER FANE BRITT & BROWNE LLP**
    1000 Walnut Street, Suite 1400
    Kansas City MO 64106-2140
    Phone: (816)-292-8303
    Fax: (816)-474-3216

    Dennis M. McClelland- Bar No.: 0091758
    **PHELPS DUNBAR, LLP**
    100 South Ashley Drive, Suite 1900
    Tampa, Florida 33602
    Phone: (813) 472-7550
    Fax: (813) 472-7570

**Michael Perkins**

By: /s/ Carl R. Hayes
    Carl R. Hayes
    308 E. Dr. Martin Luther King, Jr. Blvd.
    Suite E
    Tampa, FL 33602

Dated: _____

WA 872340.1